UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA PITTS,

    Plaintiff,

vs.                                                                   Case No. 11-12699

FRANCO ATTANASIO and
KARMANOS CANCER CENTER,                HON. AVERN COHN

    Defendants.
_____/

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff, Donna Pitts, proceeding <u>pro se</u>, filed a complaint naming Franco Attanascio and Karmanos Cancer Center as defendants. Plaintiff has been granted permission to proceed without payment of the filing fee. For the reasons which follow, the Court shall dismiss the case under 28 U.S.C. § 1915(e)(2) as frivolous and for failure to state a claim.

### II. Legal Standard

The screening procedures established by § 1915 apply to cases filed by non-prisoners and prisoners. <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 604 (6th Cir. 1997). Section 1915(e)(2) allows the Court to dismiss a case at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief. A complaint "is frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

The determination of failure to state a claim under § 1915 is the same as its determination under Fed.R.Civ.P. 12(b) (6).  See 1 Moore's Fed. Practice § 4.41[3].  In Bell Atlantic v. Twombly, 550 U.S. 544 (2007), the Supreme Court clarified the standard of pleading necessary to survive a motion to dismiss.  "Factual allegations must be enough to raise a right to relief beyond the speculative level" and "more than labels and conclusions" are required in order for a pleading to avoid dismissal.  Id. at 1965.

The Court has a duty to construe a pro se plaintiff's pleadings liberally, see, e.g., Erickson v. Pardus, 551 U.S. 89, (2007), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff.  See GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).  While leave to amend pleadings is generally to be liberally given, see Foman v. Davis, 371 U.S. 178 (1962); Fed R. Civ. P. 15(a), this is not true when the Court reviews a complaint under § 1915(e).  See Hawkins v. Morse, 194 F.3d 1312, at *1 (6th Cir.1999) (table opinion) ("The Court is not required to allow a plaintiff to amend his complaint in order to avoid a sua sponte dismissal."); McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

### III.  Analysis

The Court has read plaintiff's complaint.  From what can be gleaned, plaintiff is attempting to assert a negligence claim on behalf of her deceased mother, who plaintiff suggests was not given proper medical care.

Plaintiff's complaint contains several references to proceedings in another court, presumably state court.  The proceedings appear to have been in the nature of medical malpractice claim which was dismissed.  Indeed, plaintiff asks the Court to "reverse the

order on summary disposition and let the case proceed to trial." Attached to her complaint is a portion of what appears to be a state court transcript. Plaintiff's challenge to actions taking place in state court is barred by the Rooker-Feldman doctrine. Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 & n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). This is true even in the face of allegations that "the state court's action was unconstitutional." Feldman, 460 U.S. at 486; see also Blanton v. United States, 94 F.3d 227, 233-34 (6th Cir.1996). Instead, review of final determinations in state judicial proceedings can be obtained only in the United States Supreme Court. 28 U.S.C. § 1257; Feldman, 460 U.S. at 476. To the extent plaintiff is seeking federal court review of a state case, the Rooker-Feldman doctrine precludes the exercise of federal jurisdiction. Plaintiff must instead utilize the state-court appellate procedures.

Moreover, the complaint contains no allegations from which the Court can determine the basis for subject matter jurisdiction or otherwise discern a discrete legal claim. Accordingly, the complaint is DISMISSED under §1915(e)(2). In light of this disposition, the Court certifies that any appeal would also be frivolous. 28 U.S.C. § 1915(e)(2).

SO ORDERED.


Dated: July 1, 2011           S/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to Donna Pitts 14900 Southfield, Detroit, MI 48223 on this date, July 1, 2011, by electronic and/or ordinary mail.
                              S/Julie Owens
                              Case Manager, (313) 234-5160

3